## 8261

### EVANS v. BLUE RIDGE RAILWAY CO.

Issues — Railroads — Crossings—Contributory Negligence.—Under a defense of contributory negligence, upon proof that a motor car was run across a street more than four miles an hour in a city in which there is an ordinance prohibiting a greater speed at street crossings, the issue of injury at the crossing by plaintiff's negligence as a proximate cause, is for the jury.

Before PRINCE, J., Anderson, Spring term, 1912. Affirmed.

Action by Geo. W. Evans against Blue Ridge Railway Co. and Southern Railway Co. Defendants appeal.

*Messrs. Bonham, Watkins & Allen,* for appellant.

*Messrs. Leon L. Rice* and *Page & Watkins,* contra.

*Mr. Rice* cites: *Contributory negligence is no defense to gross recklessness:* 61 S. C. 187; 74 S. E. 473; 61 S. C. 404. *Under proof here, issue of proximate cause is for jury:* 90 S. C. 277; 83 S. C. 357.

July 18, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action for damages, alleged to have been sustained by the wrongful acts of the defendants, in causing the motor car operated by them, to collide with plaintiff's automobile, at a street crossing, in the city of Anderson, S. C.

The allegations of the complaint, material to the questions involved, are as follows:

"That on the 14th day of May, 1911, the plaintiff was driving his automobile along Fant street, in the city of Anderson, at the point where defendants' line of railway intersects said street. As soon as plaintiff came into view of the track of defendants' line of railway, he was surprised by the approach of said motor car, running at a greater rate of speed than allowed by law. The sudden surprise and lack of warning on the part of the approaching car, coupled with the short distance plaintiff had in which to avoid the impending collision, made it impossible for plaintiff to do otherwise, than to try to keep out of the way of the onrushing car. He turned his automobile

quickly to the left, and was almost clear of the track of defendants' line of railway, when defendants' motor car, running by said crossing at a great rate of speed, struck the automobile of plaintiff, doing it great damage and endangering the lives of its passengers. That said collision was not due to the negligence of plaintiff, neither did any negligence on his part contribute to the injury, but the same was due to the defendants' negligence, in running by said street crossing at a greater rate of speed than allowed by law.

"That section 226 of the ordinances of the city of Anderson, South Carolina, 1910, is as follows: 'No railroad engine, car or train shall be run through or within the city, at a greater speed than at a rate of fifteen miles an hour, nor over any street or crossing, at a greater speed than four miles an hour, and any engineer, conductor or other person causing or permitting the same to run at a greater rate of speed, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished as hereinafter prescribed.'

"The defendants' motor car was running at a greater rate of speed than four miles an hour, at the time hereinabove referred to, against the provisions of said ordinance."

There was also a second cause of action in the complaint, alleging recklessness instead of negligence.

The defendants denied the allegations of negligence, and set up the defense of contributory negligence, on the part of the plaintiff.

At the close of the plaintiff's testimony, the defendants made a motion for a nonsuit, on the ground that the collision was caused by the plaintiff's contributory negligence; which motion was refused.

The jury rendered a verdict in favor of the plaintiff for $500 actual damages, and the defendants appealed.

All the exceptions relate to the sufficiency of the evidence; or assign error on the part of his Honor, the presiding Judge, in refusing the motion for nonsuit, on the

ground that plaintiff's damages were the result of his contributory negligence.

Rule 77 of the Supreme Court is as follows: "The point that there is no evidence to support an alleged cause of action, shall be first made, either by a motion for nonsuit or a motion to direct the verdict. * * * " Therefore, the only question properly arising under the exception is, whether there was error in refusing the motion for nonsuit, on the ground of plaintiff's contributory negligence.

"Failure to comply with a city ordinance, providing that trains should not be run faster than four miles an hour, within the city limits, and that a man should precede an engine, while crossing a street or lane with certain signals, is negligence *per se,* and even if a man at a street crossing, trying to get his horse off the track, is guilty of negligence and is injured, whether the negligence of the railroad company or of the deceased, was the proximate cause of the injury, should have been sent to the jury." (Syllabus.) *Butler* v. *Ry.,* 90 S. C. 273.

In that case the Court uses this language: "A failure to comply with the requirements of the ordinance, that a train should not exceed four miles an hour, * * * was negligence *per se.* * * *

"It was held in *Craig* v. *Ry.,* 89 S. C. 161, that it is the duty of a railroad company, to keep a lookout for persons and pedestrians on its track, at a highway crossing.

"It will thus be seen, that there was testimony tending to show negligence on the part of the defendant, and even conceding that there was negligence, also, on the part of plaintiff's intestate, the question whether the negligence of the defendant or that of plaintiff's intestate, was the proximate cause of the injury, should have been submitted to the jury."

We see no difference in principle, between the case now under consideration and that just mentioned.

Judgment affirmed.